BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 17 1972

PATRICIA C. HOWARD
CLERK OF THE PANEL

IN RE TRANSIT COMPANY TIRE   )
ANTITRUST LITIGATION         )          DOCKET NO. 111

OPINION AND ORDER

------------

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

------------

PER CURIAM

        Five private treble damage antitrust actions have

been brought in five different districts against the major

manufacturers of special mileage commercial tires used by

transit companies.  Plaintiffs in one of the actions moved

the Panel for an order, pursuant to 28 U.S.C. §1407, trans-

ferring these cases to a single district for coordinated

or consolidated pretrial proceedings.  All parties agree

that these actions should be transferred to a single district

for pretrial proceedings, but disagree on the selection of

the transferee district.  On the basis of the papers filed

and the hearing held, we find that these actions involve

common questions of fact and that transfer to the Western

District of Missouri will best serve the convenience of

--------

*
    Judge Alfred P. Murrah took no part in the consideration
    or decision of this matter.

- 2 -

all parties and witnesses and will further the just and efficient conduct of the litigation.

In each action the same defendants [1] are charged with combining and conspiring, in violation of Sections 1 and 2 of the Sherman Act, to make special mileage commercial tires available to transit companies only under leasing arrangements that allegedly preclude the transit companies from changing their supplier.  The antitrust allegations clearly involve factual matters common to all cases and all parties will benefit from a pretrial program supervised by a single judge.  Furthermore, at least three of the cases contain similar nationwide class action allegations and transfer to a single district eliminates the possibility of inconsistent class determinations.

The only question disputed by the parties is the selection of the transferee district.  The Central District of California, the Eastern District of Pennsylvania and the Western District of Missouri are asserted by different groups of plaintiffs as the most appropriate transferee forum. The defendants, whose principal offices are either in Akron, Ohio or Detroit, Michigan, prefer the Western District of Missouri.  We find the arguments favoring the Western District of Missouri the most persuasive.

---

[1]   Firestone Tire & Rubber Co., General Tire & Rubber Co., B. F. Goodrich Co., Goodyear Tire and Rubber Co., and Uniroyal, Inc.

- 3 -

At present, actions are pending in four widely-separated states - Florida, Pennsylvania, California and Missouri.  Because of Kansas City's geographically central location, it is easily accessible from all parts of the country and provides a more convenient forum to <u>all</u> parties than either Los Angeles or Philadelphia.  Furthermore, it is quite likely that similar actions will be filed in other districts and as this litigation becomes more national in scope any justification for transferring the cases to either an East or West Coast location will diminish. <u>Cf.</u>, <u>In re Government Auto Fleet Sales Antitrust Litigation</u>, 328 F. Supp. 218, 219 (J.P.M.L. 1971); <u>In re Air Fare Litigation</u>, 322 F. Supp. 1013, 1015 (J.P.M.L. 1971).  Another factor favoring the Western District of Missouri as the transferee district is the current status of its civil docket.[2] See <u>In re Kauffman Mutual Fund Actions</u>, 337 F. Supp. 1337, 1340 (J.P.M.L. 1972).

IT IS THEREFORE ORDERED that all actions on the attached Schedule A. pending in districts other than the Western District of Missouri be, and the same hereby are, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable

---

[2] The most recent statistics indicate the following median intervals from filing of a civil complaint to trial:
   Western District of Missouri --- 9 months
   Central District of California -- 10 months
   Eastern District of Pennsylvania -- 32 months
See <u>1972 Annual Report of the Director of the Administrative Office of the United States Courts</u>, Table C-10 at A-38.

- 4 -

Elmo B. Hunter for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

SCHEDULE A                                          DOCKET NO. 111

## CENTRAL DISTRICT OF CALIFORNIA

Southern California Rapid Transit District,        Civil Action
et al. v. Goodyear Tire & Rubber Co., et al.       No. 72-1479-FW

## NORTHERN DISTRICT OF CALIFORNIA

City and County of San Francisco v. Goodyear       Civil Action
Tire & Rubber Co., et al.                          No. 72-1183-RFP

## EASTERN DISTRICT OF PENNSYLVANIA

City of Cleveland, etc. v. Goodyear Tire           Civil Action
& Rubber Co., et al.                               No. 72-718

## SOUTHERN DISTRICT OF FLORIDA

Dade County v. Goodyear Tire & Rubber Co.,         Civil Action
et al.                                             No. 72-826-Civ-NCR

Uniroyal Inc. v. Tranist Co. of the Palm           Civil Action
Beaches, Inc., et al.                              No. 71-1672-Civ-CF

## WESTERN DISTRICT OF MISSOURI

D. L. Brenner, et al. v. Goodyear Tire &           Civil Action
Rubber Co., et al.                                 No. 20411-4